NEW-YORK,
May, 1828.

Smith
*ads.*
Storm.

### SMITH & HOOKER *ads.* STORM.

MOTION to set aside a capias and all subsequent proceedings. In April last, the defendant, Hooker, was arrested in the city of New-York, on a capias returnable in the mayor's court, on the third Monday of April. After the arrest, negotiation took place in the office of the plaintiff's attorney between the parties, in the presence of the officer who had arrested the defendant, which resulted in an agreement that the defendant should give a cognovit for a sum one fourth less than the amount of the plaintiff's demand, and that he should endorse his appearance upon a capias returnable on a day in the last February term of this court. His appearance was accordingly endorsed, and on the suggestion of the plaintiff's attorney that he would prefer to have special bail filed in the cause, and that he would procure a person to become bail, the defendant agreed to the same. Bail was accordingly put in, and the defendant signed the bail-piece. The papers were then filed, judgment entered, and execution issued. Previous to the signing of the cognovit, and the endorsement of the defendant's appearance on the capias, the writ from the mayor's court, on which the defendant had been arrested, was taken back by the attorney, endorsed *countermanded*, and re-delivered to the sheriff, who told the defendant that he was no longer in his custody. A motion was made to set aside the capias in this court, and all subsequent proceedings, for various defects in the capias, and on the ground that the cognovit was obtained by *duress*.

A judgment entered on a cognovit given by a defedant while under arrest, will not be set aside on the ground of *duress*, where the evidence is satisfactory that the act was voluntary.

*J. H. Ostrom*, for defendants.

*E. Curtis*, for plaintiff.

*By the Court*, SAVAGE, C. J. The capias is defective in various particulars; but the defendant having filed special bail, cannot avail himself of such defects. (5 *Cowen*, 15, and 6 *Cowen*, 267.) The more important question is, wheth-

er, in analogy to the practice of setting aside judgments entered on bonds and warrants of attorney given by a defendant in custody of a sheriff, in cases where an attorney does not attend and subscribe his name to the execution of the papers, this judgment ought not to be set aside. In England such judgments are not permitted to stand, (2 *Archbold's Pr.* 6, 13 ; 2 *Taunton*, 49, 360 ; and 7 *Taunton*, 701, 703 ;) and the practice of the K. B. has been recognized by this court. (1 *Caines*, 511. Yet the court are not disposed to extend the principle of those decisions to cases, other than the signing of bonds and warrants. They find the rule established in the cases referred to, and will not disturb it, though they perceive no good reason for its adoption, as the presence of an attorney, on the part of the defendant, generally is more a matter of form than substance ; and as this case does not technically come within the scope of any decided cases, and it is conclusively shewn, on the part of the plaintiff, that the arrangement made by the defendant was voluntary, and that there was no *duress* in fact, the court will not set aside the judgment.

Motion denied, with costs.